

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-84,550-01 & 84,550-02

### EX PARTE DANNY RICHARD RIVERS, JR., Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 51391-A*1 & 51391-A*2 IN THE 30TH DISTRICT COURT FROM WICHITA COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of continuous sexual abuse of a young child or children, three counts of indecency with a child, and two counts of possession of child pornography. He was sentenced to imprisonment for one term of thirty years, two terms of three years, and three terms of two years.[1] The Eighth Court of Appeals

---

[1] The sentences in Applicant's possession of child pornography convictions have discharged, and Applicant has not raised collateral consequences. *See* TEX. CODE CRIM. PROC. art. 11.07, § 3(c). We, therefore, decline to review Applicant's claims relating to these convictions.

affirmed his convictions. *Rivers v. State*, No. 08-12-00145-CR (Tex. App.—El Paso July 23, 2014) (not designated for publication).

Applicant contends, among other things, that trial counsel rendered ineffective assistance. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond and discuss their investigation of Applicant's case, their defense strategy at trial, and the State's evidence. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's responses, the trial court shall make findings of fact and conclusions of law as to whether trial counsel's conduct was deficient and their deficient conduct prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 5, 2016
Do not publish